Argued and submitted February 10, affirmed April 22, 1992

In the Matter of the Estate of
Douglas A. Leach, Deceased.

Delores A. WISMER
and Ellen R. Morris,
*Respondents,*

*v.*

UNITED STATES NATIONAL BANK
OF OREGON,
Personal Representative of the Estate of
Douglas A. Leach, Deceased,
*Respondent,*

Jessie TIBBET
and Clark Embum,
*Appellants,*

Sharon June PENTECOST,
*Respondent.*

(4830; CA A66181)

829 P2d 1052

Donald R. Moeller, Tillamook, argued the cause and filed the brief for appellants.

Francis E. Harrington, Portland, argued the cause and filed the brief for respondents Delores A. Wismer and Ellen R. Morris.

No appearance by respondents United States National Bank of Oregon and Sharon June Pentecost.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

This is a proceeding to contest a will codicil. The trial court held that the codicil was a product of undue influence on testator by defendant Tibbett, a beneficiary of the codicil, and set it aside. We review *de novo*. ORS 19.125(3).

■ ■ The burden of proving undue influence is on the contestants, Wismer and Morris. A confidential relationship between a testator and a beneficiary, when considered with other suspicious circumstances, may give rise to an inference of undue influence that, to prevail, the beneficiary must rebut. *In Re Southman's Estate*, 178 Or 462, 482, 168 P2d 572 (1946). A list of potentially suspicious circumstances is set out in *In re Reddaway's Estate*, 214 Or 410, 329 P2d 886 (1958).[1]

■ We find that Tibbett had a confidential relationship with testator when he executed the codicil and that suspicious circumstances surrounded the execution of the codicil.[2] The trial court found Tibbett's testimony not credible. We give substantial weight to that finding, because the judge had the opportunity to observe the witnesses. *See Troyer v. Plackett*, 48 Or App 497, 502, 617 P2d 305 (1980). In the light of all the circumstances, we conclude that the evidence gives rise to an inference that the codicil was a product of Tibbett's undue influence. Because defendants did not rebut the inference, the trial court did not err.

Affirmed.

---

[1] "Suspicious circumstances that will give rise to an inference of undue influence in a confidential relationship are: (1) procurement by the grantee; (2) lack of independent advice; (3) secrecy or haste; (4) change in the grantor's attitude toward others; (5) change in the grantor's plan of disposing of property; (6) unnatural or unjust gift; and (7) grantor's susceptibility to influence. *In re Reddaway's Estate, supra*, 214 Or at 421-22." *Stricklin v. Stricklin*, 97 Or App 227, 232 n 3, 776 P2d 18, *rev den* 308 Or 660 (1989).

[2] Tibbett lived with testator between June 1, 1987, and January, 1988. Testator was in his eighties and was dying of cancer. Tibbett performed household chores and yard work, provided transportation for him, cooked his meals and generally served as his companion. She also consumed alcoholic beverages with him and drove him to the liquor store so that he could make purchases. According to her, he consumed alcoholic beverages at the rate of one fifth every one to one and one-half days. On July 22, 1987, he changed his will to include Tibbett and her brother, Embum, as beneficiaries and to exclude Morris as a beneficiary. Testator died September 29, 1988. Until his death, Tibbett spent most of her time at testator's home, except when she was at work.